IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LORA LANE and KIMBERLY
CERVANTES,

   Plaintiffs,

vs.

STATE OF OREGON DEPARTMENT OF
CORRECTIONS & PAUL WILSON,

   Defendants.

Civ. No. 05-1497-AA
(Consolidated cases)

OPINION AND ORDER

AIKEN, Judge:

  Plaintiffs Lora Lane and Kimberly Cervantes filed these actions against defendants Paul Wilson and the State of Oregon Department of Corrections (ODOC) alleging sexual harassment under 42 U.S.C. § 2000e and battery under Oregon law. On September 28, 2006, defendant ODOC moved for summary judgment on grounds that plaintiffs cannot produce prima facie evidence of a hostile work

1 -OPINION AND ORDER

environment and that it cannot be held liable for any alleged harassment by defendant Wilson because plaintiffs unreasonably failed to take advantage of any preventive or corrective opportunities provided by ODOC.

On December 19, 2006, the court denied ODOC's motion, finding that genuine issues of material fact precluded summary judgment.

On March 23, 2007, after seeking leave of court, ODOC filed a renewed motion for summary judgment against plaintiff Cervantes only, based on a prior settlement agreement.

## I. BACKGROUND

The court described the factual background of these cases in its Opinion and Order dated December 19, 2006, and will not repeat them here except as relevant to ODOC's supplemental motion.

On February 22, 2005, prior to filing this action, Cervantes filed a claim for workers compensation based on "mental stress" resulting from defendant Wilson's sexual harassment.

On May 12, 2005, SAIF Corporation denied Cervantes's claim.

In September 12, 2005, Cervantes filed a complaint in this court alleging sexual harassment under Title VII of the Civil Rights Act of 1964.

On October 27, 2005, Cervantes and SAIF Corporation, on behalf of ODOC, entered into mediation with respect to the denial of her workers' compensation claim. Cervantes was represented by Adian Martin, plaintiffs' counsel in this case.

2   -OPINION AND ORDER

As a result of the mediation, Cervantes entered into a Disputed Claim Settlement Agreement (DCSA) that was approved by all parties as well as an Administrative Law Judge. Cervantes received $25,000 to settle all claims and issues arising out of her claimed mental stress. The payment included attorney's fees, medical expenses, and a lump sum payment to Cervantes.

## II. STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Substantive law on an issue determines the materiality of a fact. T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Assoc., 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of a dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

3   -OPINION AND ORDER

Special rules of construction apply when evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Electrical, 809 F.2d at 630.

### III.  DISCUSSION

ODOC argues that Cervantes's federal claims are barred by the DCSA. ODOC maintains that the language of the agreement unequivocally releases ODOC from all other claims based on her alleged injuries resulting from Wilson's harassment. Cervantes maintains that the DCSA was intended to apply only to her workers' compensation claim and has no preclusive effect in this case.

It is undisputed that Cervantes and ODOC, through its insurer SAIF, participated in settlement discussions with respect to Cervantes's workers' compensation claim and that the parties entered into a DCSA. Pursuant to the DCSA,

> Claimant shall have no further entitlement to compensation for the denied treatment, condition[s], disability, or for the denied injury or occupational disease; *and claimant releases SAIF and the employer from any claim or legal action of whatever kind arising out of the claimed injury or disease.*

ODOC's Concise Statement of Facts in Support of Motion for Summary Judgment, Ex. B, p. 4 (emphasis added).

I agree that the plain and unambiguous language of the DCSA bars "any legal action of whatever kind" against ODOC, as

4    -OPINION AND ORDER

Cervantes's employer, that arises out of her "claimed injury or disease." In her workers' compensation claim, Cervantes claimed her injury or disease was "mental stress" resulting from Wilson's sexual harassment - the same as Cervantes alleges in this action. Therefore, the DCSA precludes Cervantes's claims in this case.

Cervantes argues, however, that ODOC was not a party to the DCSA. I disagree. The DCSA explicitly states: "IT IS HEREBY STIPULATED by claimant, claimant's attorney, Adian Martin, and *the employer, Department of Corrections*, through its insurer, SAIF Corporation, by Pam Daniel, Adjuster, and Larry D. Schucht, Trial Counsel . . . ." ODOC Concise Statement of Facts, Ex. B., p. 1 (emphasis added). Accordingly, I find that ODOC was a party to the DCSA.

Further, based on the plain language of the agreement, I do not find that the DCSA was limited to Cervantes's workers' compensation claim. I am not persuaded by Cervantes's reliance on Dew v. City of Scappoose, 208 Or. App. 121, 145 P.2d 198 (2006), rev. denied, 342 Or. 416, 154 P.3d 722 (2007). In Dew, the agreement at issue was a Claims Disposition Agreement (CDA) rather than a DCSA - two distinct types of agreements. Further, in finding that the CDA did not bar the plaintiff's tort claims, the Court of Appeals specifically noted that the CDA was not drafted broadly to include claims other than those brought under workers' compensation law. Id. at 131, 145 P.2d 198 (finding that the CDA

5    -OPINION AND ORDER

"did not include other claims within the scope of its coverage" and "was limited to workers' compensation claims, as opposed to all claims that plaintiff might have against the city").

In contrast, the DCSA here expressly released SAIF and ODOC from "any claim or legal action of whatever kind." Thus, the DCSA bars Cervantes's claims against ODOC.

## IV.  CONCLUSION

ODOC's Motion for Summary Judgment against plaintiff Cervantes (doc. 71) is GRANTED.  Plaintiff Cervantes's claims against defendant ODOC asserted in Case No. 05-1496 are HEREBY DISMISSED. IT IS SO ORDERED.

Dated this 13 day of June, 2007.

_____
Ann Aiken
United States District Judge